Satwinder SINGH, Petitioner,

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 05–70057.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 17, 2009.

Filed Aug. 10, 2009.

Richard E. Oriakhi, Esquire, Law Office of Richard E. Oriakhi, San Francisco, CA, for Petitioner.

David V. Bernal, Assistant Director, DOJ—U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, Stanley Albert Boone, U.S., Susan Phan, Esquire, Assistant U.S., Kevin P. Rooney, Assistant U.S., USF—Office of the U.S. Attorney, Fresno, CA, Ronald E. Lefevre, Office of the District Counsel Department Of Homeland Security, San Francisco, CA, for Respondent.

Before: HALL, W. FLETCHER, and PAEZ, Circuit Judges.

## MEMORANDUM *

Petitioner Satwinder Singh ("Singh"), a native and citizen of India, appeals the Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's ("IJ") order denying asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). Singh's asylum application was based on his fear of persecution due to his assistance to Sikh detainees who were tortured by Punjab police. Singh claims that he was detained and tortured for his actions. The IJ denied the application because he found that Singh was not credible, and was statutorily barred from asylum, withholding of removal, and CAT relief because of his assistance in the persecution of others. *See* 8 U.S.C. § 1101(a)(42). The BIA affirmed.[1]

We have jurisdiction under 8 U.S.C. § 1252. Substantial evidence supports the finding that Singh assisted in the persecution of others. The IJ properly applied § 1101(a)(42) to deny Singh's application for asylum and withholding of removal. We therefore deny the petition.[2]

To qualify for asylum, a person must be classified as a refugee. "The term 'refugee' does not include any person who ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42); 8 U.S.C. § 1158(b)(2)(A)(i). Once there is sufficient evidence that the alien assisted in the persecution of others in a protected class, "he or she shall have the burden of proving by a preponderance of the evidence that he or she did not so act." 8

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Although the IJ denied CAT relief, Singh did not appeal the CAT claim to the BIA, and by not addressing the CAT claim in his petition for review, he has waived it. We therefore do not address CAT relief.

2. We need not address the IJ's adverse credibility determination, as the alternate grounds for denial of asylum and withholding precludes such relief.

C.F.R. § 1208.13(c)(2)(ii). *See also* 8 C.F.R. § 1208.13(a).

Singh worked for the Punjab police for twenty-six years, reaching the rank of Head Constable. He testified that he never personally witnessed torture, but that he guarded the interrogation rooms at the police station where he knew that detainees were being tortured. Singh was responsible for ensuring that the detainees did not escape. Because substantial evidence supports the IJ's finding that Singh's actions were committed in furtherance of persecution of others in a protected class, he is barred from asylum and withholding of removal. *See Vukmirovic v. Ashcroft,* 362 F.3d 1247, 1252 (9th Cir. 2004).

PETITION FOR REVIEW DENIED.